26 C.C.P.A. (Patents)

## In re BOSTWICK. *
## Patent Appeal No. 4111.

Court of Customs and Patent Appeals.

April 10, 1939.

*Rehearing denied May 29, 1939.

Bates, Golrick & Teare, of Cleveland, Ohio (Albert R. Teare and Walter F. Liesegang, both of Cleveland, Ohio, and Donald A. Gardiner, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting, for the reason hereinafter stated, claims 10 to 14, inclusive, of appellant's application filed December 24, 1936, for a reissue of a patent issued to appellant on March 27, 1934, No. 1,952,904, application for which patent was filed on October 12, 1932.

Claim 10 is illustrative of the claims in issue and reads as follows: "10. In tire building apparatus, the combination of a pair of adjacent parallel rollers, a liner having its ends connected to the respective rollers so as to be wound, in alternation, upon each of them, means for driving one of said rollers to wrap the liner and a strip of material thereon, and means normally urging the other roller to rotation in a direction to rewind the liner thereon."

The subject matter of the invention is sufficiently set forth in the above-quoted claim.

The claims here involved were copied by appellant for purposes of interference from a patent to one Heston, No. 2,039,532, issued on May 5, 1936, upon an application filed December 7, 1933, the copied claims being numbered 1 to 5, inclusive, in the Heston patent.

It appears that said claims of the Heston patent were originally rejected upon appellant's said patent, but Heston filed an affidavit under rule 75 of the rules of the Patent Office, whereupon appellant's patent was withdrawn as a reference.

The examiner held that the appealed claims are not allowable in appellant's reissue application because they are broader than the claims of his patent and the reissue application was not filed within two years from the grant of the original patent, without any sufficient excuse for the delay.

The Board of Appeals did not specifically pass upon the question of whether the involved claims are broader than the claims of the original patent, but there was a general affirmance of the decision of the examiner, which included this ground of rejection. In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991.

The board did specifically make a finding which apparently constituted a new ground of rejection, viz., that there was no inadvertence in omitting the involved claims in appellant's original patent for the reason that in his original application appellant indicated that the structure embraced in the claims before us was undesirable.

No motion was made by appellant for reconsideration of said decision, or that the case be remanded to the Primary Examiner, so under rule 139 of the rules of the Patent Office this ground of rejection by the Board of Appeals is also before us.

Two questions are thus presented for decision:

1. Are the claims before us broader than the claims in appellant's original patent, making applicable the rule that, after the lapse of two years after the issue of a patent, a reissue which seeks to enlarge the claims of the original patent will not be granted unless special circumstances are shown to excuse the delay?

2. Does appellant's original application indicate that he did not intend to include the claims before us in his original patent?

The rule above stated is well established, and the authorities relating thereto were reviewed and approved by us in the case of In re Kaser, 64 F.2d 687, 20 C.C.P. A., Patents, 1035.

It is appellant's contention that the involved claims are not broader than the claims of his original patent, but are in fact more limited. Claim 1 of said original patent is illustrative and reads as follows: "1. In reeling apparatus for tacky strips, the combination of a pair of drums, a liner permanently connecting and wound in the same direction upon the two, and an equalizing connection between the drums, acting oppositely to the direction of winding of

the liner and having yielding means for maintaining a tension on the liner."

The Primary Examiner in his statement upon appeal to the Board of Appeals held that the claims are broader than the claims of the original patent for the following reason:

"Each of the original claims 1 to 9 included a connection between the drums that acts to tension the line as follows:

\* \* \* \* \* \* \*

"Thus in each of these claims a connection between two drums is claimed, whereas in the new claims 10 to 14 the tension member is claimed as 'means' or 'a spring' (Claim 13, line 7) in connection with a single roller, but not with two rollers or drums. \* \* \*"

We are in agreement with the above-quoted view of the Primary Examiner, and it is clear to us that, in the respect above noted, the involved claims have been broadened. They were admittedly copied for the purpose of interference with the Heston patent, and only in their broadening in the respect above noted over the claims of appellant's original patent could there be an interference between appellant's reissue application and the Heston patent.

It is true that the involved claims contain limitations not found in the claims of the original patent, but the fact that a claim is more limited in some respects does not necessarily mean that such claim is not a broader claim. A claim has been broadened if it is broader in any respect. Fox Typewriter Co. v. Corona Typewriter Co., 6 Cir., 282 F. 502.

Appellant further contends that his delay in applying for reissue is justified by special circumstances. In his brief he stresses the fact that the Patent Office did not declare an interference between his original patent application and the Heston application, both applications being copending in the Patent Office, and that such failure should not be charged to appellant.

The examiner pointed out in his statement that there was no error on the part of the Patent Office in failing to suggest such interference because, when appellant's application was ready for issue, there was no claim in it which Heston could have made; but even though the fact were otherwise, we have held that no right to a reissue of a patent may be predicated upon the failure of the Patent Office to declare an interference. In re Guasta-vino, 83 F.2d 913, 23 C.C.P.A., Patents, 1179.

In his brief the appellant states: "The original intention and purpose of the two-year rule was to protect the public. The only abandonment, therefore, that can result in the present case is not in favor of the public, but in favor of the patentee, Heston. Thus, in effect, the application of the two-year rule will deprive the public of rights which would otherwise inure to them, after the expiration of the Bostwick Patent. We contend, therefore, that the rule is incorrectly applied when it is invoked against one patentee, for the benefit of another patentee, particularly where the public would benefit if the first patentee should prevail in the interference."

Counsel for appellant is clearly mistaken. If appellant is in fact the first inventor, the claims in the Heston patent, 1 to 5, inclusive, are invalid, and under the application of the two-year rule the invention embraced in the claims before us is now abandoned to the public, through appellant's failure to include them in his original patent, and laches on his part in seeking a reissue if he was otherwise entitled thereto.

In the case of Bechtold v. Lanser, 82 F.2d 415, 419, 23 C.C.P.A., Patents, 1051, we said: "If appellee had never made his application for reissue, the invention here involved would have been dedicated to the public, he being in fact the first inventor thereof. In such case the claim in appellant's patent corresponding to the count here involved would clearly have been invalid. By his application for reissue appellee seeks to avoid any dedication to the public and to claim it for himself. If such application for reissue is invalid because of laches in filing the same, his dedication to the public of the invention stands as if no such application had been made. How then can appellant properly claim that, by reason of appellee's filing the application for reissue, an estoppel was created in his, appellant's, favor, justifying an award of priority to him when, if said application for reissue is invalid, the invention has already been dedicated to the public by appellee who was the first inventor?"

So in the case at bar, if appellant is in fact the first inventor of the subject matter embraced in the involved claims, the invention has been dedicated to the public and the claims in the Heston patent corresponding to the claims here in issue are

invalid, and there is no question of prolonging any monopoly by failure to allow the claims in appellant's reissue application.

We hold that there are no special circumstances shown in the record excusing the delay of appellant in applying for a reissue of his original patent.

With regard to the ground of rejection expressly found by the Board of Appeals—that the involved claims were not omitted from appellant's original application and patent through inadvertence—we are also in agreement with this view. Upon this point the board stated: "The original specification clearly indicates the invention of the Bostwick patent claims as superior to the arrangement of separate springs in the rollers and it is our opinion that under these circumstances it was not inadvertence to omit from the Bostwick patent, claims which cover this invention indicated therein as undesirable. However, Bostwick contends that the Heston patent claims are of the same scope as the Bostwick claims. In our opinion, the Heston claims are broad enough to include the matter which Bostwick refers to as undesirable in his specification as well as the invention claimed by Bostwick. * * *"

In appellant's patent and reissue application we find the following: "It may be here observed that while I have sometimes employed a modified arrangement in which independent springs, applied to the respective drums after the fashion of spring shade rollers, are opposed to the peripheral pull of the liner or fabric and oppose each other's action, for maintaining a rewinding tension on the liner storage drum, such an arrangement requires a greater pull on the fabric in completing than in starting its out-feed, because the unwinding of the liner and fabric from the lower roller has then relaxed the spring tension on the upper drum and brought that upon the lower drum toward its maximum. The herein-described arrangement is superior in that it equalizes the two spring tensions."

We think the foregoing, pointing out as it does the disadvantage of the use of independent springs as compared with the invention claimed in the patent, indicates that claims of the scope here involved were not inadvertently omitted from appellant's patent.

We quote from our decision in Re Murray, 77 F.2d 651, 654, 22 C.C.P.A.,

Patents, 1196, a paragraph which is applicable here: "We are unable to discern wherein there is any showing made in this record that the disclosure and claiming of the subject-matter now attempted to be incorporated in the reissue was omitted from the original application by inadvertence, accident, or mistake. It may be true that the full force, significance, and scope of the patent may not have been apparent to the patentee or his representatives or solicitors until a recent date, but it can hardly be said that the reissue statute [35 U.S.C. A. § 64] was intended to permit the reissuance of a patent to include matters evidently not intended to be incorporated in the original application, which, perhaps, have been suggested by improvements in the art which have occurred since the date of issuance of the original patent. In other words, the reissue statute, in our opinion, was not enacted for the purpose of correcting errors of judgment or supplying inventive concepts which have originated since the original patent was issued and applied for."

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.