27 C.C.P.A.(Patents)

## In re SLATE.
## Patent Appeal· No. 4203.

Court of Customs and Patent Appeals.
Jan. 4, 1940.

Lester L. Sargent, of· Washington, D. C., for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

The brief of the Solicitor for the United States Patent Office states the issues involved in this appeal as follows:

"Claim 38 having been allowed, this was originally an appeal from the decision of the Board of Appeals affirming that of the

examiner denying patentability in view of the prior art of claims 29, 36, and 41.

"After the original notice of appeal had been filed a supplemental notice of appeal was filed * * * adding a fourth assignment of error, in connection with the refusal of the Patent Office to admit the proposed claims 42, 43, and 44. The supplemental notice of appeal was filed after the expiration of the limit of the appeal from the decisions rendered by the Board of Appeals and the First Assistant Commissioner informed appellant * * * that 'Whether the Court will consider the additional ground of appeal is a matter to be determined by that tribunal.' "

We first consider appealed claims 29, 36, and 41 upon their merits. The application bears the broad title "For Improvements in an Internal Combustion Engine." The claims relate specifically to a piston structure. Claim 36 appears to be illustrative of all features of the subject matter. It reads: "36. In an internal combustion engine of the type described, the combination of a piston, a piston rod connected to the piston, the piston having a series of rings, an extension piston head above its top ring extending into the aforesaid cylinder head to reduce clearance and increase compression pressure without subjecting the cylinder and its lubricated walls to high temperatures, said extension piston head being of different metal from the body of the piston and capable of withstanding high temperatures and secured on the top of the piston with minimum surface contact, to reduce heat travel from the head to the piston, the aforesaid piston extension having a lower expansion ratio to prevent loosening from the piston."

Four prior patents were cited as references, namely:

Fenner, 705,058, July 22, 1902.

Thomson, 884,539, April 14, 1908.

Campbell, 1,264,893, May 7, 1918.
Bailey, 1,824,528, September 22, 1931.

It may be said that two other claims, numbered, respectively, 35 and 37, were rejected by the examiner and were included in the appeal to the board, which affirmed the examiner's rejection, but were not included in the appeal to us.

A general description of the device as shown in the rejected claims is given in the statement of the examiner as follows:

"The [alleged] invention covered by the finally rejected claims is directed to a piston for an internal combustion engine having a head separate from the packing ring portion, which latter is provided with a diaphragm like member, with a center support to a gudgeon or piston pin of the usual construction.

"The separate head is with the assistance of a bead shrunk onto the periphery of the piston, leaving a dead air space between the head and the diaphragm. The purpose of this is to reduce heat travel from the piston head to the piston diaphragm, and the piston proper."

The patent to Fenner discloses the structure of a piston made up of a single casting but having a dead air space between the piston head and an inner diaphragm. The patent to Campbell discloses a piston having a head of cast iron separately formed secured to a skirt of aluminum, and discusses the shrinking of one metal on another.

Claims 29 and 41 were rejected on Fenner in view of Campbell, it being the view of the tribunals of the Patent Office that Fenner's arrangement meets the provision of the claims for "space to reduce heat travel," while Campbell shows that it is old to form a piston with a separately formed head. The examiner further held, independently of the references, that "it does not amount to invention to make parts separately that were formerly made integral."

The other reference patents are described by the examiner as follows:

"The patent to Thompson among other features shows a piston made up of two sections, one section provided with packing rings, the other, which is the head of the piston is made up of a more refractory material such as cast nickel or cast iron, and is filled with loose asbestos or a similar filling, which renders it heat insulated from the piston proper. This construction is for the purpose of providing a piston with poor heat transmission quality from the head inward, and into the piston proper. The heat insulated head of the piston, is not in actual contact with the walls of the cylinder.

"The patent to Bailey shows a piston, about half of which is provided with packing rings, which slide in a cylinder lining, and not beyond it. The extended portion

of the piston enters that portion of the combustion chamber of the cylinder formed by an extension head on the cylinder. The extension head has an inside diameter slightly larger than the engine cylinder, so that the extended portion of the piston does not contact the walls of the extension head."

Claim 36 was rejected upon the combination of Fenner, Campbell, Thomson, and Bailey because the features shown by them were regarded as clearly negativing invention in appellant's device. We deem it unnecessary to apply these features in detail, since their application appears obvious from the respective descriptions given.

■ Before us appellant has analyzed the references in considerable detail in the effort to show differences between them and his device. It is not questioned that there are differences but we cannot regard them as being inventive, nor is it material that no one of the references in itself shows all the elements defined in the claims. It is a well settled rule that it is proper to combine references and if such combination does not involve the exercise of the inventive faculty, changes made in the elements disclosed in the references in order to effect such combination, if obvious to one skilled in the art, will not render the combination patentable. In re Clair L. Farrand, 49 F.2d 1035, 18 C.C.P.A., Patents, 1452. This is particularly true where, as here, the references are from the identical art to which the application for patent relates.

■■ Appellant has presented some argument to the effect that certain of the references include water cooling mechanism, and that it was the purpose of his construction to avoid water cooling. As to this, it seems sufficient to say that there is nothing in the claims which excludes water cooling, and we are not required to consider features not expressed in the claims.

At a time just prior to the final rejection of the claims by the examiner appellant proposed an amendment to claim 29. This does not seem to have been considered by the examiner and the board held it to be immaterial. It involved substitution of the word "shrunk" for "mounted" with reference to attaching the piston head to the piston. Although this amendment seems never to have been formally entered by any action in the Patent Office, we note that in the official list of claims at the end of the record before us, claim 29 appears in the amended form. We agree with the holding of the board as to its immateriality.

We come now to another phase of the controversy which involves a question of practice.

The decision of the Board of Appeals above reviewed by us was rendered April 25, 1938, and the appeal, in which three reasons of appeal were stated, was taken to this court on June 10, 1938. On that same date (June 10, 1938) appellant filed before the board a request for reconsideration in which it was said "Applicant elects to further prosecute the application before the Board of Appeals under paragraph 3 of Rule 139." The request for reconsideration did not reargue the merits of claims which had been rejected, but proposed three entirely new claims, numbered, respectively, 42, 43, and 44, and requested their consideration. It may be said that these new claims were drawn along similar lines to claims 29, 36, and 41, respectively, but were stated to differ from the latter "in clearly defining the annular clearance space exterior to the skirt portion of the piston head and spacing it from the adjacent annular portion of the top of the piston proper."

On June 16, 1938, the board denied the petition, saying: "Applicant requests that we consider three new claims. These claims were not before us on appeal and have not been considered by the examiner." See Ex parte Moore, 1923 C.D., 13.

On July 12, 1938, appellant proposed the claims which the board so refused to consider as an "Amendment Under Rule 68 [of the Patent Office]," and accompanied the proposal with his affidavit purporting to give reasons why the claim had not been earlier presented. It is noted that the proposal was to cancel all the claims which had been appealed to this court, that is Nos. 29, 36, and 41, and substitute Nos. 42, 43, and 44 therefor.

The Primary Examiner seems to have treated the proposal as a petition that the prosecution of the case be reopened and the claims entered. He discussed the merits of the new matter proposed and held that it was anticipated by a German patent to Montbard-Auynoye, No. 238,193, a translation of which appears in the record, and concluded his holding by saying that the

new claims were "not recommended for admission."

The matter seems then to have passed to the jurisdiction of the Commissioner of Patents for whom, on August 18, 1938, a decision denying admission of the amendment was rendered by the Supervisory Examiner, the grounds stated being, in substance, that the Primary Examiner had expressed the opinion that they were unpatentable and that the affidavit gave no satisfactory reason for the failure to present them earlier.

Thereafter on August 19, 1938, appellant's counsel filed with the Commissioner of Patents a paper, entitled "Supplemental Notice of Appeal," in which was set forth the following: "Fourth, the Patent Office erred in refusing the admission of the proposed claims 42, 43, and 44 submitted in the amendment under Rule 68, paragraph 3 with a supporting affidavit, * *."

There appears in the record a statement, headed "Decision of Commissioner, September 6, 1938," which reads:

"The paper entitled 'Supplement to Notice of Appeal,' filed on August 19, 1938, has been placed in the file of the application.

"This paper sets forth a ground of appeal in addition to those contained in applicant's notice of appeal to the United States Court of Customs and Patent Appeals which was duly filed on June 10, 1938.

"It is observed that this paper was filed after expiration of the limit of appeal from the decisions rendered by the Board of Appeals on April 25, 1938, and June 16, 1938.

"Whether the Court will consider the additional ground of appeal is a matter to be determined by that tribunal.
"Justin W. Macklin,
"First Assistant Commissioner."

It is proper to say that several extensions of time for filing *the record* involved in the appeal to this court were granted by the commissioner, but we find no extension of the time allowed (40 days under Patent Office rule 149) for filing *the reasons of appeal.*

Appellant has presented argument before us on the merits of the proposed claims but none upon the question of practice at issue.

The Solicitor for the Patent Office has discussed it concisely and helpfully. He first points out that the proposed reason of appeal (which it will be observed alleges that "the *Patent Office* erred (etc.)" (italics ours) is ambiguous in that it is not clear whether it is leveled at the decision rendered by the board on June 16, 1938, or at that by the Supervisory Examiner (acting for the commissioner) on August 18, 1938, declining their admission. He also discusses the matter under the alternative assumptions as to its application with citation of authorities.

We think the matter may be disposed of without elaborate discussion.

First, it is our view that there was no error on the part of the board in its decision of June 16, 1938, supra. While the fourth paragraph of Patent Office rule 139 clothes the board with authority to include in its decision a statement that a patent "may be granted in amended form" and makes this "binding on the primary examiner in the absence of new references or grounds of rejection," there is nothing in the rule which makes such action mandatory on the part of the board. It is a matter peculiarly within the board's discretion. In the instant case the proposed claims were not brought forward until after the decision of the board on the merits of the other claims, and the proposal was not even accompanied by an affidavit. That was not executed until July 12, 1938, and was never before the board. Aside from what the board did, or might have done, however, we are not at liberty, under the facts here appearing, to consider the claims upon their merits in this appeal. See In re Irving L. Stern, 40 F.2d 1000, 17 C.C.P.A., Patents, 1234. It may be remarked that, in addition to other factors appearing in the case, if the matter here be treated as an attempted appeal from the June 16, 1938, decision of the board, it was not timely under Patent Office rule 149, it not having been proposed until August 18, 1938.

Second, considering the issue from the standpoint of an attempted appeal from the decision of the commissioner, it might be said that, even assuming such an appeal may be taken to this court, no tangible reasons have been presented as to why there was error in the *refusal to admit* the claims, and we might very properly decline to consider them on that ground. How-

ever, this aside, it is our view that under the jurisdiction defined by the statute for this court, we are without authority to entertain an appeal from a decision of the commissioner in a matter of the nature here involved. In the case of In re Aristote Mavrogenis, 57 F.2d 361, 19 C.C.P.A., Patents, 1063, the jurisdiction of this court in appeals in ex parte patent cases was fully discussed and our reasoning there is applicable here.

The appeal is dismissed so far as it involves proposed claims 42, 43, and 44.

The decision of the Board of Appeals is affirmed as to claims 29, 36, and 41.