33 C.C.P.A. (Patents)

## Application of HERITAGE.

### Patent Appeal No. 5075.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

See also 153 F.2d 115.

W. Bartlett Jones, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 3, 7, 9, and 31 in appellant's application for a patent for an invention relating to a method of making a coated porous structural fiber board.

Claims 2, 4, 8, 10, 29, and 30 in appellant's application were allowed by the board.

Claim 1 is sufficiently illustrative of the appealed claims. It reads:

"1. The method of making a coated rigid porous structural fiber board which comprises coating a wet structural-board-forming mat of fibers with a composition having sufficient pigment to hide the surface fibers and having also an aqueous vehicle in which is carried a binder capable of binding the pigment to the fiber and to itself upon loss of the vehicular water, and drying the mat and the coat thereon simultaneously to form the board."

In rejecting the claims in appellant's application, the Primary Examiner relied upon the following references:

Traquair, 1,786,681, Dec. 30, 1930;

Bradner, 1,913,329, June 6, 1933;

Germanson et al., 1,918,095, July 11, 1933;

Massey, 1,921,369, Aug. 8, 1933;

Bright, 1,964,312, June 26, 1934;

Fletcher, 2,130,530, Sept. 20, 1938;

Massey, 2,185,859, Jan. 2, 1940;

Wiener, 2,208,236, July 16, 1940.

It is unnecessary that we here set forth the subject matter of the appealed claims as it is sufficiently described in the claim hereinbefore quoted.

All of the reference patents, except the patent to Wiener, relate to the paper-making art, and, as stated by the board in its decision, to the "formation of a paper web from aqueous pulp suspension and the application of sizing material to the web while still damp." The board held that those patents were not proper references

because, it stated, the disclosures therein are not suggestive of appellant's method which has to do with the forming of fiber board. Accordingly, the only reference considered by the board in allowing certain of the claims in appellant's application and rejecting those here on appeal was the patent to Wiener.

The patent to Wiener relates to a method of coating completely manufactured wall board. The patentee states that it is difficult to apply a smooth surface coating over a thick insulating fiber board; that smoothness may be obtained in the surface of a wall board and the surfacing composition reduced when the board is subjected to an ironing action previous to being coated; and that to carry out such ironing action "a fiber board in dried condition, so as to be resistant to excessive decrease in thickness on compression, *is moistened over its face as by a spray of steam or water * * * applied just in advance of the preliminary smoothing step. The moistened sheet* is then passed under" a pressure ironing roller. (Italics ours.) The patentee further states that the pressure to which the board is subjected forces a part of the coating composition into the board, reduces momentarily the thickness of the board, and permits reexpansion thereof when the pressure is released.

With reference to the allowed claims, the board stated in its decision that they included the steps of forming a fiber board "from aqueous water suspended pulp and then coating and drying the produced board," and as to the rejected claims here on appeal the board stated that they "do not include the steps of forming the board but assume that such board has been preformed."

Owing to the fact that the board in its decisions compared the allowed claims with the claims here on appeal and because of the different construction placed by it upon the two sets of claims, we deem it advisable to quote claim 2 which is illustrative of the allowed claims. It reads:

"2. The method of making a coated-water-resistant rigid porous structural vegetable fiber board which comprises forming a water slurry of wet vegetable fibers carrying a water-proofing agent deposited thereon, forming said slurry into a wet structural-board-making mat, coating said wet mat with a composition having sufficient pigment to hide the surface fibers and having also an aqueous vehicle in which is

carried a binder capable of binding the pigment to the fiber and to itself upon loss of the vehicular water, and drying the mat and the coat thereon simultaneously to form the board."

In rejecting the claims here on appeal on the patent to Wiener, the board stated that they "deal merely with coating preformed wall board, [and] are regarded as fairly satisfied by Wiener. This applies even to the reference to compressing the body of the wall board during coating. This feature occurs between rollers 2 and 6 of Wiener's apparatus. The examiner's rejection of the claims of this group is considered warranted."

Thereafter appellant filed a request for reconsideration of the board's decision, claiming that the board had misconstrued the phrase "coating a wet structural-board-forming mat of fibers" in holding that it meant "coating a preformed wall board," disclosed in the patent to Wiener, and that that phrase means exactly what the board construed the phrase "a wet structural-board-making mat" in the allowed claims to mean. Appellant also requested that he be permitted to amend the rejected claims in the event the board adhered to its interpretation of the phrase "a wet structural-board-forming mat of fibers."

In its decision in answer to the request for reconsideration, the board stated that the rejected claims "were intended to be different from and broader in scope than the type of claim where the coating step is definitely combined with formation of the mat. The expression 'a wet structural board forming mat' fails in view of the apparent intentional broader wording, to avoid Wiener's fiber board body as wet by water from nozzle 9," and denied appellant's request to amend the rejected claims, stating that the record did not justify the allowance of an amendment.

Counsel for appellant filed a request for reconsideration of the board's second decision, in which he stated that he resented the statement by the board that the rejected claims were broadened intentionally so as to seek protection for a coating process applied to a preformed dry board disclosed in the patent to Wiener; that the rejected claims could not properly be so construed; that the board's construction of the claims amounted to a new ground of rejection; and that, although applicant had elected, in accordance with rule 139 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix, to proceed in the prosecution of the claims before the board, the case should be reopened for an amendment as previously requested by counsel.

In a subsequent decision, the board stated that it had full authority to consider the relative scope of claims before it, and indeed that it was its duty to do so; that since the rejected claims did not include the step of forming "web pulp," the claims were not patentable over the disclosure in the patent to Wiener, who disclosed the idea of treating a "preformed fiber board."

Counsel for appellant then filed a petition with the commissioner, stating the substance of the matter hereinbefore related and requesting that the commissioner find that the board's rejection of the appealed claims was a new ground of rejection which gave the applicant the right to amend the claims under rule 139, supra, and also gave the applicant an extension of time to appeal from the board's decision. On the same day, appellant filed another request for reconsideration of the board's decision.

The petition to the commissioner was "granted only to the extent that jurisdiction" of the case was "restored to the Board of Appeals for such disposition of the third petition for reconsideration" as it deemed proper. Thereupon, the board denied appellant's request for reconsideration of its decision and appellant appealed to this court.

It is contended here by counsel for appellant that the board erred in its interpretation of the phrase "a wet structural-board-forming mat of fibers"; that it interpreted the phrase to mean coating a preformed wall board, disclosed in the patent to Wiener; that the phrase in the claims here on appeal means precisely what the phrase "a wet structural-board-making mat" means in the allowed claims, that is, an intermediate structure in the process of making wall board; that in the allowed claims the steps of "forming a water slurry of wet vegetable fibers carrying a waterproofing agent deposited thereon, forming said slurry into a wet structural-board-making mat" were old; that appellant's invention as defined in the appealed claims "begins with" the application of the coating composition to the intermediate structure; and that if the appealed claims are properly construed, they are patentable

over the disclosure in the patent to Wiener for the same reasons assigned by the board in holding the allowed claims patentable.

It is conceded here by counsel for appellant that if the board's interpretation of the phrase here under consideration is correct, the appealed claims are not patentable over the disclosure in the Wiener patent.

Counsel for appellant further contends that the board erred in not recommending or permitting appellant to amend the appealed claims in the manner hereinbefore set forth; that as the Primary Examiner rejected the appealed claims on any one of the several references cited by him in view of the disclosure in the patent to Wiener and as the board rejected the claims solely on the patent to Wiener, the board's rejection amounted to a new ground of rejection within the meaning of rule 139, supra.

Rule 139, supra, reads:

"139. The board of appeals in its decision shall affirm or reverse the decision of the primary examiner only on the points on which appeal shall have been taken. (See rule 133.) Should it discover any apparent grounds not involved in the appeal for granting or refusing letters patent in the form claimed, or in any other form, it shall include in its decision a statement to that effect with its reasons for so holding.

"This statement of the board of appeals, if adverse to applicant's right to a patent, will reopen the case for amendment or showing of facts, or both, before the primary examiner responsive thereto. The statement shall be binding upon the primary examiner unless an amendment or showing of facts not previously of record be made which, in the opinion of the primary examiner, avoids the additional grounds for refusal of the patent stated in the decision.

"The applicant may waive the right to further prosecution before the primary examiner and have the case reconsidered by the board of appeals upon the same record. Where request for such reconsideration is made the board of appeals shall render a new decision which shall include all grounds upon which a patent is refused. The applicant may waive reconsideration by the board of appeals and treat the decision, including the added grounds for refusal of a patent given by the board of appeals, as a final decision in the case.

"Should the decision of the board of appeals include a statement that the patent may be granted in amended form, applicant shall have the right to amend in conformity with such statement, which shall be binding on the primary examiner in the absence of new references or grounds of rejection."

Assuming for the purpose of this decision that the board's rejection of the appealed claims on the disclosure in the patent to Wiener amounted to a new ground of rejection, appellant had the right, under the provisions of rule 139, supra, to have the case reopened before the Primary Examiner "for amendment or a showing of facts, or both," in order to meet the new ground of rejection by the Board of Appeals. He also had the right to waive his right to further prosecution before the examiner and have the case reconsidered by the Board of Appeals. He pursued the latter remedy and requested that the board reconsider its decision, which the board proceeded to do.

Under the provisions of rule 139, supra, the board, of course, had the right to reject the appealed claims on grounds not applied by the Primary Examiner, and the rejection of those claims, under the related circumstances, is not a proper basis for the reversal of the board's decision. See In re Johns, 70 F.2d 913, 21 C.C.P.A., Patents, 1099; In re Bostwick, 102 F.2d 886, 26 C.C.P.A., Patents, 1117. The board also had the right, in its discretion, under the related circumstances, to refuse to permit amendments to the claims here on appeal.

The board having refused to permit amendment of the appealed claims, the only claims before us for consideration are those which were before the board and which were rejected by it. In re Slate, 108 F.2d 268, 27 C.C.P.A., Patents, 810. We shall proceed, therefore, to consider the case on its merits.

The patentability of the appealed claims over the disclosure in the patent to Wiener depends primarily upon a proper interpretation of the phrase "coating a wet structural-board-forming mat of fibers" appearing in each of the appealed claims. The board interpreted it, so far as the appealed claims are concerned, to mean coating a preformed dried wall board, such as is disclosed in the patent to Wiener, rather than

an intermediate product which has not been completed into a finished product by the drying process. Such interpretation by the board is directly contrary to its interpretation of a corresponding phrase in the allowed claims.

It is clear, we think, that the phrase "a wet structural-board-forming mat of fibers" means an intermediate product which has not reached the stage of a finished product such as the dry fiber board with which the patentee Wiener was concerned.

It has not been questioned by the tribunals of the Patent Office that the method defined by the appealed claims, as hereinbefore construed, produces a product superior to that produced by the prior art.

After careful consideration, we are of opinion that the method defined by the appealed claims is patentable over the disclosure in the patent to Wiener. In so holding, it should be understood that in referring to the allowed claims it is not the purpose of the court to consider the appealed claims in the light of the board's holding that the allowed claims were patentable over the Wiener reference patent, as it is well settled that in determining the patentability of rejected claims, such claims may not properly be measured by allowed claims. In re Kingston, 142 F.2d 259, 31 C.C.P.A., Patents, 1050, and cases therein cited.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.