In re HATCH et al.
Patent Appeals No. 5424.

Court of Customs and Patent Appeals.
April 6, 1948.

Rehearing Denied June 1, 1948.

William H. Abbott, of St. Paul, Minn.

Carpenter, Abbott, Coulter & Kinney, of St. Paul, Minn., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all the claims —19, 21, 41, 43, 45, and 49—in appellants' application for the reissue of a patent relating to the coating of calcinable lithic slabs.

The appealed claims were copied from the patent to Greider et al., No. 2,350,030, and have been rejected on the ground that they are not supported by the disclosure of the application on which appellants' patent was granted, and therefore cannot properly be included in appellants' application.

Claim 19, which is representative of the appealed claims, reads:

"19. A method of coating an hydraulic cement product which comprises applying to the product as a coating an aqueous composition that contains soluble silicate and an acidic kaolinitic type clay, and heat curing the coating to insolubilize soluble silicate contained therein at a temperature below 750° F."

Appellants' application relates to a process which includes coating cement products with a composition containing a soluble silicate and a clay, and to the product of that process. Kaolin is specified as the preferred type of clay. The details of the process and product need not be considered, since the rejection of the appealed claims relates solely to the type of clay used. Each of the appealed claims contains the statement that the clay is of an "acidic kaolinitic type" and the Patent Office tribunals held that appellants' original application does not disclose such a clay.

Both the Primary Examiner in his statement, and the Board of Appeals in its decision on a request by counsel for appellants for reconsideration, referred to the Greider et al. patent, in which the appealed claims originated, in interpreting the expression "acidic kaolinitic type clay." Such a reference is proper if the claims are ambiguous or are susceptible of more than one interpretation. Brogden v. Slater, 40 F.2d 988, 17 C.C.P.A., Patents, 1240, and Neumair v. Malocsay, 77 F.2d 622, 22 C.C.P.A., Patents, 1349. Although the examiner and the board did not expressly state that the appealed claims are ambiguous, they were evidently of that opinion, since, otherwise, they could not properly have resorted to the patent in construing the claims.

It seems clear that the expression "acidic kaolinitic type clay" is susceptible of more than one meaning. For example, it might mean that the clay, in its original condition, is acidic, or that it has been made acidic by treatment between the time when it is mined and the time when it is used in the coating. Under such circumstances, it was proper for the examiner and the board to construe the appealed claims in the light of the disclosure of the Greider et al. patent. That patent contains the following very clear statement as to what is meant by acidic clay:

"By 'acidic' clay, as this term is used herein, is meant a clay wherein the clay substance as mined from clay deposits is acidic in character."

In view of the quoted statement it is evident that the appealed claims are limited to the use of kaolinitic clays which are acid as they come from the mine, and that unless appellants' original application contains a disclosure of the use of such clays, the rejection of the appealed claims was proper.

In support of their contention that they are entitled to make the appealed claims, counsel for appellants rely on the disclosure in appellants' original application that kaolin is a preferred type of clay for use in their process and product. Kaolin is, of course, a "kaolinitic type of clay" but it is conceded by counsel for appellants in their brief that appellants "did not in so many words state that kaolin is an acidic substance." In view of this lack of ex-

press disclosure, counsel for appellants, if they are to succeed in this appeal, must show that kaolin is inherently acidic as it comes from the mine. It is not sufficient to show that one following the teaching of appellants' application might sometimes use clay of the type called for by the appealed claims. See Brand v. Thomas, 96 F.2d 301, 25 C.C.P.A., Patents, 1053.

■ The patent to Greider et al. contains the statement that:

"Most kaolinitic type clays occur in deposits which contain among other impurities substantial quantities of alkali or alkaline earth compounds that impart to the clay slightly alkaline characteristics, as shown by a pH of about 8 or higher."

The following statement to the same general effect appears in an affidavit by Nelson W. Taylor, which was filed by counsel for appellants:

"Kaolin is a natural product and can become contaminated with alkaline salts in the soil."

The statements hereinbefore referred to clearly indicate that kaolin, as mined, is by no means invariably acidic. No showing has been made which would justify a holding that those statements are incorrect. The evidence relied on by counsel for appellants relates principally to clays which have been washed or purified, rather than in the "as mined" condition, and falls considerably short of establishing that kaolin is invariably, or even usually, acidic as it comes from the mine. Appellants, therefore, have failed to sustain their burden of proving that the kaolinitic type of clays disclosed in their application will inherently be acidic as mined. We are of opinion, therefore, that the appealed claims are not supported by appellants' original application.

■ Counsel for appellants, in their brief and in their reasons of appeal to this court, allege certain errors in procedure by the Patent Office tribunals. The record shows that the board, in its original decision, referred to a publication by Riess, which was not previously of record, and stated that "This [the properties of kaolin] and other matters are commented on" in the Riess publication. It is not clear that the board relied on the publication as a new basis for rejection. The board also said that "We are not satisfied * * * that kaolin is necessarily an acidic kaolinitic type of clay or is essentially kaolinite."

Counsel for appellants requested reconsideration of the board's decision and presented additional affidavits, which the board refused to consider "as affidavits" although it did consider them "as argument," without remanding the case to the examiner. Counsel for appellants further requested that the board cite authority in support of its opinion that kaolin was not necessarily acidic. This the board refused to do. A further request for reconsideration was filed but, before it was acted on by the board, counsel for appellants filed a notice of appeal to this court and the board thereupon declined to consider this request for reconsideration, holding that it had lost jurisdiction of the case in view of the filing of the notice of appeal. Appellants then petitioned the commissioner to direct that the affidavits filed after the board's decision be admitted. The petition was dismissed by the Commissioner of Patents on the ground that jurisdiction of the case had been transferred to this court by the filing of the notice of appeal.

The reasons of appeal filed by counsel for appellants allege that the board erred in refusing to admit the affidavits filed after its original decision and in failing to cite its authority for the statement that it was not satisfied that kaolin is inherently acidic. Those allegations involve matters of Patent Office practice and rulings of the Patent Office tribunals in such matters will not be disturbed by this court unless they are manifestly wrong. See In re Austin, 40 F.2d 756, 17 C.C.P.A., Patents, 1202. No such error is found in the instant case.

■ Counsel for appellants also filed "supplemental" reasons of appeal alleging error in the action of the commissioner in dismissing the petition hereinbefore referred to. It is elementary that this court is without authority to review the action of the commissioner in cases of this character. See In re Mavrogenis, 57 F.2d 361, 19 C.C.

P.A., Patents, 1063, and In re Slate, 108 F.2d 268, 27 C.C.P.A., Patents, 810.

The various arguments advanced by counsel for appellants have been given careful consideration, but we are of opinion that the tribunals of the Patent Office were right in rejecting the appealed claims. Accordingly the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.