Worley, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1, 2, 3, and 5 of appellant’s application for a patent on a pipe union on the ground of lack of invention over the prior art. Claims 2 and 5 are typical of the appealed claims and read:
2. In a union, a pair of flat faced pipe receiving sections, means for maintaining said sections in abutting relation, a groove in the abutting end face of one of said sections, the mouth of said groove being reduced in width, a rubber O-ring adapted to be firmly retained in said groove and partially extending from said groove.
5. In a pipe union, a pair of pipe receiving sections having flat abutting end faces, a collar joining said sections, an annular groove in the abutting face of one of said sections, a resilient O-ring mounted in said groove, said groove forming an integral O-ring retaining means.
The following references were relied on by the examiner:
Leprevost-Bourgerel (Br.), 6,097, May 19, 1885.
Siebeck (German), 482,387, September 12, 1929.
Hamer, 2,568,232, September 18, 1951.
The board was of the opinion the patents to Siebeck and Hamer were merely cumulative, and relied specifically on only the British patent, hereafter referred to as Leprevost. Accordingly, only that patent need be considered here.
Appellant’s application discloses a union comprising two pipe-receiving sections having abutting end faces. The sections are drawn together by a surrounding collar which is threaded to the end of one of them and engages behind a shoulder at the end of the other. The abutting faces of the sections are flat, one provided with an annular groove having a flat bottom and sides tapering slightly inwardly toward the top of the groove. Permanently seated in the groove is an annular packing ring which is normally substantially circular in cross-section. The ring is of such size that, when forced into the groove, it will become slightly compressed and will be held in the groove by the tapered sides with a relatively small portion of the ring *993 extending above the top of the groove. When the pipe sections are drawn together by tightening the collar, the packing ring is forced against the section opposite the one in which the groove is located and is compressed so that it forms a tight seal between the sections. The groove is so shaped that the packing ring is forced into it during compression instead of being spread out and pinched between the pipe sections.
The Leprevost patent shows a pipe union comprising two pipe sections with abutting flat ends, each of the ends having an outwardly-extending flange. The flanges are surrounded by a two-part collar having its inner surface so shaped that when the parts are drawn together by clamping bolts they exert a camming action on the flanges to force the ends of the pipe sections together. The flat end surface of one of the pipe sections is provided with an annular groove, the cross-section of which comprises somewhat more than half of a circle, so that the walls of the groove converge adjacent the opening, thus forming an open slot which is narrower than the greatest width in- • side the groove. A packing ring with a circular cross-section corresponding to that of the groove is located in the groove and completely fills it, with the upper portion of the ring extending above the top of the groove. When the pipe sections are drawn together by the collar, the projecting portion of the packing ring is compressed between them and forms a seal.
Among other things, appellant assigns error in the refusal of the board to permit a proposed amendment to the appealed claims and then allow the claims as so amended. This court has consistently refused to review the action of the board in denying requests by applicants to amend appealed claims, and has similarly refused to consider on their merits claims which have not been so considered by the board. In re Taylerson, 31 C. C. P. A. (Patents) 1025, 142 F. 2d 72, 61 USPQ 352; In re Kingston, 32 C. C. P. A. (Patents) 1013, 149 F. 2d 181, 65 USPQ 371; and In re Heritage, 33 C. C. P. A. (Patents) 783, 153 F. 2d 111, 68 USPQ 190. No reason is found here for departing from that settled practice. Accordingly, the claims will be considered only in the form in which they were passed upon by the board, i. e., on their merits.
We share the view expressed below that the claims define nothing patentable over the Leprevost patent. That patent clearly shows the claimed combination of two sections having abutting flat faces, a groove in one of the faces containing a packing ring which is circulain cross-section (described in the claims as an O-ring), and a collar for drawing the sections together. We also agree with the board that it is immaterial whether the sections joined by the union are pipe sections or members which receive such sections. The patent does *994 not specify the material of which the packing ring is made but, as stated by the examiner, it is old to make such rings of rubber and there would be no invention in making the packing ring of the Leprevost patent of that material.
Appellant also contends that since Leprevost’s packing ring fills the groove before any compression takes place, the portion of the ring outside the groove will be pinched between the pipe sections when compressed, which will result in rapid deterioration of the ring. However, as pointed out by the board, the claims do not recite any structure or relationship of parts which distinguishes them from the reference and which would avoid a pinching of the packing ring. It is well settled that claims to a structure cannot be allowed unless they distinguish from the prior art by structural limitations. In re Stattmann, 32 C. C. P. A. (Patents) 813, 146 F. 2d 290, 64 USPQ 245; and In re Lippold, 31 C. C. P. A. (Patents) 713, 176 F. 2d 932, 83 USPQ 120.
It is ably argued by counsel for appellant that the references in the appealed claims to abutting end faces of the sections limit the claims to structures in which those faces are in actual contact. However, as stated by the board, appellant’s application neither shows nor describes the faces as being in contact. On the contrary, the specification states that “The collar 4 is rotated to move the abutting end faces of the sections 1, 6 together until the end face of the section 1 contacts and is urged against the extended portion of the O-ring 10.” [ Italics ours.] That language clearly shows that the movement of the sections stops short of actual contact with each other, and is confirmed by the drawing, which shows a definite space betwen the sections when in coupled position. Under such circumstances we agree with the board that the word “abutting,” as used in the claims, cannot properly be construed as requiring that the sections shall contact each other.
We find nothing in the appealed claims which presents a patentable distinction over the Leprevost patent. The decision of the Board of Appeals is accordingly affirmed.
Jackson, J., retired, recalled to participate herein in place of Cole, J., absent because of illness.