**Sherman CONVERSE, Calvin M. Mc-Keown, and Graniteville Company, Plaintiffs,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 1300–65.**

United States District Court
District of Columbia.

Sept. 9, 1966.

James E. Bryan, Washington, D. C., Clifton T. Hunt, Jr., Greensboro, N. C., for plaintiffs.

Joseph Schimmel, Sol., Washington, D. C., Raymond E. Martin, U. S. Patent Office, of counsel, for defendant.

## OPINION

JACKSON, District Judge.

This is a civil action under 35 U.S.C. § 145 in which plaintiffs seek a judgment from this Court, authorizing the Commissioner of Patents to grant them a patent containing Claims 16 through 20·

---

of their application Serial No. 112,493 filed June 5, 1961 and entitled METHOD OF LAMINATING POLYURETHANE FOAM AND FABRIC.

Claim 17 is the broadest and reads as follows:

17. A method of adhesively securing a web of porous fabric to provide a laminate having breathing and insulating properties and being resistant to washing and dry cleaning solutions making the same suitable for use in garments, said method comprising the steps of directing the fabric web past an adhesive applying station while applying an intermittent layer of adhesive to one surface of the fabric, directing the fabric web with the adhesive thereon to a point spaced from the adhesive applying station while permitting a tacky film to form on the surface of the adhesive, then bringing the polyurethane form web into light touching engagement with the tacky adhesive on the fabric web, then drying the adhesive while the fabric and form webs are maintained in light touching engagement and against movement relative to each other, and then curing the adhesive.

The Patent Office Examiner rejected the claims as unpatentable over British Patent No. 821,537 in view of French Patent No. 761,429. The French patent discloses the lamination of two layers of fabric by a discontinuous layer of adhesive for promoting the flexibility and permeability to air of the product. The British patent shows a method of bonding a layer of polyurethane foam to a fabric or thermoplastic facing layer by means of a viscous thermoplastic adhesive. The adhesive is applied to the facing layer and is permitted to dry before the foam layer is applied. The three superposed layers are passed through heated rolls which apply a relatively light pressure, although there is a temporary distortion. The bond between the layers attains full strength as the composite cools.

■ The Board of Appeals first affirmed the rejection of Claims 16 through 20, but upon reconsideration reversed the Examiner's rejection of Claims 19 and 20. Claims 19 and 20 contain limitations not present in Claims 16 through 18. Although one of plaintiffs' contentions is based upon allowance of similar claims in view of the same references, such allowance by the Patent Office of claims which recite a process is not conclusive of the patentability of claims reciting the same process where the former claims are materially limited, as long as the latter are unpatentable over the prior art; although it is a relevant consideration. Sharp v. Coe, 75 U.S.App.D.C. 118, 125 F.2d 185 (1941); In re Heritage, 153 F.2d 111, 33 CCPA 783 (1946).

■■ Plaintiffs also urge a grounds of patentability based upon commercial success, but fail to sustain their burden of proof that the commercial success in question was related to the success of the claimed invention. In re Goodman, 339 F.2d 228, (Cust. & Pat.App.1964). Even if plaintiff had been able to show a direct relationship between commercial success and the success of the claimed invention, this Court has recently held in Sterling Drug, Inc. v. Brenner, Commissioner of Patents, 256 F.Supp. 1000 (D.C.D.C.1966), that commercial success cannot make an otherwise clearly obvious invention patentable.

■ Finally, the case resolves about the question of obviousness under 35 U.S.C. § 103. Plaintiff, Converse, suggests that there are four interdependent variables in the present type of lamination.[1] They are time, temperature, ad-

1. The following testimony was elicited on direct examination of Mr. Converse: "There are four main factors that affect the degree of adhesion. One is adhesive. * * *

Temperature and pressure and the time that the pressure are exerted on the laminate. And if any one is lower, than it has to be compensated for by a higher amount of the others. In other words, they are more or less dependent upon each other."

hesive, and pressure. This Court holds that it would be obvious to a man skilled in the art, with the British and French patents in front of him, to increase the temperature and time if desirous to cut down on the pressure required for the lamination, thereby arriving at the claimed invention. Thus, the claimed invention fails to satisfy the test of unobviousness laid down by the Supreme Court, and the Board of Appeals must be affirmed. Graham et al. v. John Deere Co. et al., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

Since this case has been decided on the basis of obviousness, the Court does not direct itself to the question of plaintiffs' use of the word "curing" in its claims as a grounds for unpatentability under 35 U.S.C. § 112.

Pursuant to Rule 52(a), F.R.Civ.P., the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiffs brought this action under 35 U.S.C. § 145 seeking a judgment from this Court, authorizing the Commissioner of Patents to grant to them a patent containing Claims 16 through 20, all of the remaining claims of Converse and McKeown application Serial No. 112,493, filed June 5, 1961.

2. The application in suit relates to a method of laminating polyurethane foam to porous fabric by means of a highly viscous adhesive. Lamination is effected in such a way as to insure only sufficent penetration of the adhesive into foam and fabric to adhere the foam to the fabric without materially decreasing the flexibility and porosity thereof. The resulting product is usable as clothing and has permeability or the ability to "breath". It has an adhesive bond strong enough so that delamination will not occur during washing or dry cleaning.

3. The claimed invention relates to a method of laminating polyurethane foam to porous fabric to form a highly flexible, porous laminate. Claim 17 is typical of the claims at issue.

4. The Board of Appeals affirmed the Examiner's rejection of Claims 16, 17 and 18, as unpatentable over British patent No. 821,537 in view of French patent No. 761,429. The Board reversed the Examiner's rejection of Claims 19 and 20, as unpatentable over the same combination of references, upon reconsideration of its original affirmance of the Examiner's rejection of all the claims.

5. The British patent discloses a method for producing a laminated product which has breathing characteristics and is useful as clothing. The product consists of a layer of polyurethane foam which is bonded to a fabric or thermoplastic facing layer by means of a highly viscous thermoplastic adhesive. The adhesive is applied to the facing layer and is permitted to dry before the foam layer is applied thereto. Lamination is effected by passing the three superposed layers through heated rolls which apply a "relatively light pressure" as the assembled layers pass through the rolls. The foam layer undergoes some distortion while passing through the rolls but returns to its normal thickness promptly upon removal of the laminating pressure applied by the rolls. The bond between the layers attains full strength as the composite cools.

6. The French patent discloses the lamination of two layers of fabric by a discontinuous layer of adhesive for promoting the flexibility and permeability to air of the product.

7. Plaintiffs failed to sustain their burden of proof to show that British patent No. 821,537 in view of French patent No. 761,429 would not make their claimed invention obvious to a man skilled in the art.

8. The evidence fails to establish that the claimed method produces unobvious or unexpected superior results as compared with the prior art method.

9. The evidence fails to establish a direct relationship between commercial success and the claimed invention.

## CONCLUSIONS OF LAW

1. Claims 16, 17 and 18 are unpatentable for failure to satisfy 35 U.S.C. § 103.

2. Allowed Claims 19 [2] and 20 are patentably distinct from each of Claims 16, 17 and 18.

3. Allowance by the Patent Office of Claims which recite a process is not conclusive of the patentability of similar claims when the allowed claims are patentably distinct from the unallowed claims and the unallowed claims are not patentable over the prior art. Sharp v. Coe, supra, In re Heritage, supra.

4. Evidence of commercial success, if it is to be persuasive as to patentability, must have a direct relationship to the claimed invention. Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943); In re Goodman, 339 F.2d 228, (Cust. & Pat.App. 1964), In re Hollingsworth, 253 F.2d 238, 45 CCPA 830 (1958).

5. Commercial success cannot make an otherwise clearly obvious invention patentable. In re Cline, 345 F.2d 847, (Cust. & Pat.App. 1965), Sterling Drug, Inc. v. Brenner, Commissioner of Patents, 256 F.Supp. 1000, (D.C.D.C.1966).

6. Plaintiffs are not entitled to a patent containing any of Claims 16, 17 and 18 of Converse and McKeown application Serial No. 112,493.

7. The complaint is dismissed.

---

2. Claim 19 which was allowed follows:

"A method of adhering a continuous web of polyurethane foam to a continuous web of porous fabric to form a flexible laminate having a soft hand and breathing and insulating properties and being resistant to washing and dry cleaning solutions thereby rendering the laminate suitable for garments, said method comprising the steps of passing the fabric web past an adhesive applying station while depositing a thin intermittent layer of highly viscous adhesive to one surface thereof, directing the fabric web with the adhesive thereon to a point spaced therefrom while permitting a thin tacky film to form on the surface of the adhesive, then directing the form web into engagement with the tacky film on the surface of the adhesive free from externally applied pressure to provide a laminate of contiguous layers of fabric and form, passing the laminate into engagement with a rotating member with the fabric layer thereof engaging the periphery of the member and in a path of travel around a major portion thereof while applying a light substantially uniform and continuous pressure of between a fraction of an ounce to 6 ounces per square inch to the foam layer inwardly toward the member throughout the path of travel of the laminate around the member to prevent relative movement between the fabric and foam layers thereof while drying the adhesive and adhering the foam and fabric layers together, and thereafter subjecting the laminate to sufficient heat to cure the adhesive."